IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> ) <br> v. ) <br> ) <br> ANULFO FERNANDEZ, ) <br> ) <br> Defendant. ) | Case No. 20-CR-11 (NAM) <br><br> GOVERNMENT'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CRIM. P. 16(D)(1) |

**A.     Introduction**

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby moves the Court for a protective order pursuant to Fed. R. Crim. P. 16(d)(1), regarding the dissemination of the government's disclosures in this case, and providing certain additional protections for materials designated as "Protected Materials" that may tend to identify witnesses in this case, contain sensitive, non-public information about third parties; and/or are protected by federal statute from disclosure (hereinafter, the "Protected Materials").  A proposed protective order is attached hereto as Exhibit A.

In order to allow the disclosure of materials pursuant to NDNY Local Rule Cr. P. 14.1, the government respectfully requests that the Court order that any materials produced by the government in discovery not be disseminated or disclosed by defense counsel to anyone other than the defendant and members of the defense team.  The government further respectfully requests that the Court order the following additional restrictions for any materials designated as Protected Materials.  First, any incarcerated defendant shall not be permitted to maintain a physical copy of the Protected Materials while incarcerated.  Second, any portions of motions or applications referring to the Protected Materials must be filed under seal.  Finally, because certain of the

1

materials at issue in this motion are protected by federal statute, the government is submitting a separate submission regarding such materials, which the government requests be filed under seal.

**B.**     **Argument**

The authority for the types of restrictions requested in this motion is well settled. As one court in this Circuit recently explained:

> Rule 16(d)(1) provides, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Rule "authorizes the district court to limit or otherwise regulate discovery had pursuant to the Rule." *United States v. Delia*, 944 F.2d 1010, 1018 (2d Cir.1991). "Among the considerations to be taken into account by the court will be the safety of witnesses and others, a particular danger or perjury or witness intimidation...." Fed.R.Crim.P. 16, Advisory Committee Notes, 1966 Amendment. "Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Fed.R.Crim.P. 16, Advisory Committee Notes, 1974 Amendment.
>
> On this authority, courts commonly approve of redactions of Rule 16 material or similar means of protecting witness identity. *See United States v. Fort*, 472 F.3d 1106, 1121 (9th Cir.2007) (approving of "the government's disclosure of redacted copies of local police reports [sought under Rule 16], where the redactions were consistent and supported by an articulated intention to protect witness identities in the context of a case in which the district court has already found a serious risk of harm to witnesses." ); *United States v. Pelton*, 578 F.2d 701, 706 (8th Cir.1978) (approving the district court's decision to deny defendants access to non-exculpatory tapes of conversations under Rule 16(d)(1) in order to safeguard the safety of cooperating witnesses); *United States v. Santiago*, 174 F.Supp.2d 16, 32, 36 (S.D.N.Y.2001) (in multi-defendant case involving "violent \*263 narcotics trafficking enterprise" in the Bronx, requiring, under Rule 16, disclosure of a clearer copy of the photo array that resulted in defendant's identification, but permitting Government not to disclose identity of witness who identified him); *United States v. Bin Laden*, No. 98 Cr. 1023(LBS), 2001 WL 66314, at \*1 (S.D.N.Y. Jan. 26, 2001) (ordering production of Rule 16 material, but subject to redactions to prevent disclosure of identity of government witnesses and, "upon credible showing of danger," of non-witnesses); *cf. Roviaro v. United States*, 353 U.S. 53, 59–61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) (affirming "Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law," while recognizing that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way ... [and] the trial court may require disclosure."); *United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir.1987)

>(although defendant has no right to list of government witnesses, a district court may in its discretion order the government to produce such a list, and may take into account concerns about witness safety). The same consideration of witness safety has been held to justify deferred production of § 3500 material. *United States v. Remire*, 400 F.Supp.2d 627, 633 (S.D.N.Y.2005) ("[C]ourts in this circuit are especially reluctant to require the disclosure of witness lists in cases such as this one that involve allegations of crimes of violence."); *United States v. Robles*, No. 04 Cr. 1036(GEL), 2005 WL 957338, at *1 (S.D.N.Y. Apr. 22, 2005) (the disclosure of a witness list "is particularly inappropriate in this case, which involves charges of violent crimes, where the witnesses will include cooperating individuals and victims.").

*United States v. Urena*, 989 F.Supp.2d 253, 262-63 (S.D.N.Y. 2013).

The materials to be produced in discovery in this case include sensitive information. Some of that information, as described in the accompanying sealed submission, is independently protected from disclosure by federal statute. That is a sufficient basis, in and of itself, for the protections requested. In addition, the nature of the charges alleged in the indictment – a substantial narcotics trafficking operation involving the use of a handgun – raise independent concerns about public dissemination of materials that might identify witnesses or ongoing investigations. *Cf. United States v. Allen*, 289 F.Supp.2d 230, 240 (N.D.N.Y. 2003) (Munson, J.) (refusing to order disclosure of information regarding confidential informant in part based on concern "of the retaliatory violence directed against informants in drug cases").

The harm to be addressed by the protective order is concrete. The government has had recent experience in other cases involving allegations of violence and drug trafficking where inmates circulated discovery through the jails with notes purporting to identify cooperating witnesses. The government has also recently intercepted jail calls of defendants (charged in unrelated cases) discussing posting information about their cases, including discovery, on social media accounts, purportedly to help identify cooperating witnesses. The government can provide an *in camera* submission on that recent activity upon the Court's request.

The restrictions in the proposed protective order make good sense and place minimal

3

burdens on the defense.  The protective order first provides that discovery in this case should be used only for purposes of this litigation, and not, for example, posted to social media accounts.  It is hard to fathom how defendants would have a legitimate need to use discovery materials for a purpose other than for litigating this case.[1]

It also allows the government to designate a subset of the produced materials as "Protected Materials," which are defined as materials that could potentially identify witnesses; otherwise contain sensitive, non-public information; and/or are otherwise protected from disclosure by federal statute.  With respect to that smaller subset, defense counsel is free to review them with the defendant, but simply cannot leave a physical copy with any incarcerated defendant.

Under the government's proposed protective order, all of the materials are provided to defense counsel so that counsel can review the government's designations.  Moreover, the proposed order expressly provides that to the extent defense counsel disagrees with the government's designations and believes that particular materials should be left with the incarcerated defendant, defense counsel is free to challenge the government's designation.  This method expedites provision of the sensitive materials to defense counsel and minimizes the need for court intervention.  *See United States v. Smith*, 985 F. Supp.2d 506, 546 (S.D.N.Y. 2013) (approving umbrella protective order in case involving large volume of discovery, which included a provision allowing defense counsel to challenge any particular designations).

Moreover, the Government submits that it is imperative that any defendant who is incarcerated not be permitted to maintain a copy of any of the Protected Materials with him while

---

[1] The law is clear that there is no First Amendment public right of access to materials disclosed in a criminal case.  *See United States v. Smith*, 985 F.Supp.2d 506, 519 (S.D.N.Y. 2013) ("While protective orders related to judicial documents and criminal proceedings are subject to constitutional and common law scrutiny, protective orders related to discovery are not.  This is because experience and logic show that there is no right of access to discovery materials.")

4

incarcerated.  As a practical matter, it is virtually impossible to maintain documents in secret at a correctional facility.  Sharing the materials among inmates at the jail would almost certainly place witnesses at risk.

Finally, the Government notes that the attached proposed Protective Order tracks the protective orders recently entered by this Court in *United States v. Fair*, 18-CR-427 (FJS) (Dkt. No. 65), *United States v. Breland*, 18-CR-9 (FJS) (Dkt. No. 18) and *United States v. Dowdell*, 18-CR-353 (FJS) (Dkt. No. 69).

**C.     Conclusion**

For the foregoing reasons, and for the reasons set forth in the Government's accompanying sealed submission in further support of a protective order, the Government respectfully requests that the Court enter a protective order in the form attached hereto as Exhibit A.


Respectfully submitted this 10th day of January 2020.

GRANT C. JAQUITH
United States Attorney

*/s/ Nicolas Commandeur*
_____

Nicolas Commandeur
Assistant U.S. Attorney
Bar Number 518984